I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL, POSTAGE PREPAID, TO (SEE BELOW) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE

TO:        DATE:        DEPUTY CLERK:

Plaintiff on 11-16-15 by TS (w/form)



FILED
CLERK, U.S. DISTRICT COURT

November 16, 2015

CENTRAL DISTRICT OF CALIFORNIA
BY: ___TS___ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| DENISE RAYNOLDS-MORRIS,<br><br>    Plaintiff,<br><br>    v.<br><br>SB COUNTY et al.,<br><br>    Defendants. | No. ED CV 15-2280-DOC (DFM)<br><br>MEMORANDUM AND ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

On November 4, 2015, Plaintiff lodged a pro se civil rights complaint under 42 U.S.C. § 1983 together with a request to proceed in forma pauperis. Dkt. 1 ("Complaint"). On November 5, 2015, the Court granted Plaintiff's request to proceed in forma pauperis. Dkt. 5. The Complaint names as the County of San Bernardino and the San Bernardino County Sheriff's Department as Defendants. Id. at 2.

In accordance with 28 U.S.C. § 1915(e)(2), the Court has screened Plaintiff's Complaint before ordering service for purposes of determining whether the action is frivolous or malicious; or fails to state a claim on which relief might be granted; or seeks monetary relief against a defendant who is immune from such relief.

The Court's screening of the Complaint under the foregoing statute is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In determining whether the complaint states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to Plaintiff. See Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Further, since Plaintiff is appearing pro se, the Court must construe the allegations of the complaint liberally and must afford Plaintiff the benefit of any doubt. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)). Moreover, with respect to Plaintiff's pleading burden, the Supreme Court has held that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted, alteration in original); see also Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (holding that to avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial

1 plausibility when the plaintiff pleads factual content that allows the court to
2 draw the reasonable inference that the defendant is liable for the misconduct
3 alleged." (internal citation omitted)).
4     After careful review and consideration of the Complaint under the
5 foregoing standards, the Court finds that it suffers from the pleading
6 deficiencies discussed below. Accordingly, the Complaint is dismissed with
7 leave to amend. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)
8 (holding that a pro se litigant must be given leave to amend his complaint
9 unless it is absolutely clear that the deficiencies of the complaint cannot be
10 cured by amendment).
11     As an initial matter, Plaintiff names not only the County of San
12 Bernardino but also the San Bernardino County Sheriff's Department. Under
13 Section 1983, a "person" acting under color of law may be sued for violations
14 of the U.S. Constitution or federal laws. The term "persons" under section
15 1983 encompasses state and local officials sued in their individual capacities,
16 private individuals and entities which acted under color of state law, and local
17 governmental entities. Vance v. Cnty. of Santa Clara, 928 F. Supp. 993, 995-
18 996 (N.D. Cal. 1996). But "persons" do not include municipal departments.
19 Id. Naming a municipal department as a defendant is not an appropriate
20 means of pleading a § 1983 action against a municipality. Garcia v. City of
21 Merced, 637 F. Supp. 2d 731, 760 (E.D. Cal. 2008). Accordingly, the San
22 Bernardino County Sheriff's Department is not a proper defendant.
23     Turning to the County of San Bernardino, the law is clear that it "may
24 not be sued under § 1983 for an injury inflicted solely by its employees or
25 agents. Instead, it is only when execution of a government's policy or custom,
26 whether made by its lawmakers or by those whose edicts or acts may fairly be
27 said to represent official policy, inflicts the injury that the government as an
28 entity is responsible under § 1983." Monell v. Dep't of Social Servs. of City of

N.Y., 436 U.S. 658, 694 (1978). Thus, the County may not be held liable for the alleged actions of its deputies or other agents unless "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted or promulgated by that body's officers," or if the alleged constitutional deprivation was "visited pursuant to a governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." Monell, 436 U.S. at 690-91; accord Redman v. Cnty. of San Diego, 942 F.2d 1435, 1443-44 (9th Cir. 1991).

     Here, Plaintiff has failed to identify any policy statements or regulations of the County, or any officially adopted or promulgated decisions, the execution of which by County agents or employees allegedly inflicted the injuries about which he is complaining. Moreover, Plaintiff has failed to allege sufficient facts to demonstrate that the County has a governmental custom of detaining and arresting individuals without probable cause. Plaintiff's pleading obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Plaintiff does not specifically allege that any specific action taken by the individual defendants was the result of any "deliberate policy, custom, or practice" promulgated by the County. See, e.g., Rimac v. Duncan, 319 F. App'x 535, 537-38 (9th Cir. 2009) (finding that dismissal of plaintiff's Monell claims was proper where plaintiff did not adequately plead that his injuries resulted from a municipal custom or policy); Galen v. Cnty. of L.A., 477 F.3d 652, 667 (9th Cir. 2007) (noting that, to succeed on a Monell claim, a plaintiff must establish that the entity "had a deliberate policy, custom, or practice that was the moving force behind the alleged constitutional violation he suffered" (internal quotation marks omitted)).

///

The Court therefore concludes that Plaintiff has failed to allege sufficient facts for the Court to "draw the reasonable inference" that the County has a governmental custom of engaging in the kind of unconstitutional conduct that Plaintiff is alleging occurred here. See, e.g., Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996) ("Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy."); Thompson v. Los Angeles, 885 F.2d 1439, 1443-44 (9th Cir. 1989) ("Consistent with the commonly understood meaning of custom, proof of random acts or isolated events are insufficient to establish custom."), overruled on other grounds, Bull v. City & Cnty. of S.F., 595 F.3d 964, 981 (9th Cir. 2010) (en banc). Accordingly, the Complaint fails to state a claim against the OCSD.

Because it is not absolutely clear that the foregoing deficiency of the Complaint cannot be cured by amendment, the Complaint is dismissed with leave to amend. If Plaintiff still desires to pursue her claims, she shall file a First Amended Complaint within twenty-eight (28) days of the date of this Order that corrects the pleading deficiencies identified above. Plaintiff's First Amended Complaint should bear the docket number assigned in this case; be labeled "First Amended Complaint"; and be complete in and of itself without reference to the original Complaint or any other pleading, attachment or document. The Clerk is directed to send Plaintiff a blank Central District civil rights complaint form, which Plaintiff is encouraged to utilize.[1]

///

///

---

[1] To the extent Plaintiff intends to sue the individual deputies who entered her residence, she should identify them as Defendants on pages 3-4 of the complaint form.

x

1  **Plaintiff is admonished that, if he fails to timely file a First Amended
2  Complaint, the Court will recommend that this action be dismissed with
3  prejudice for failure to diligently prosecute.**
4
5  Dated: November 16, 2015
6
7  _____
   DOUGLAS F. McCORMICK
   United States Magistrate Judge